WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton Omar Lima-Fuentes,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CIV 15-8112-PHX-PCT (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT COURT:

    Petitioner Milton Omar Lima-Fuentes, who is confined in the Arizona State Prison Complex, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 16), but despite having the opportunity to do so, Petitioner has not filed a reply.

## BACKGROUND[1]

    On December 11, 2008, the State indicated Petitioner in Mohave County Superior Court with: sexual assault, a class 2 felony (count 1) and two counts of sexual conduct with a minor under fifteen years of age, a class 2 felony (counts 2 and 3). (Exh. A.) Petitioner pleaded guilty to count 3 on the condition that the sentencing range would cap at the

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 16 – Respondents' Answer.

presumptive of 20 years' imprisonment. (Exh. B at 4, 13.) Petitioner agreed to the following factual basis:

> [T]he defendant was in town for a wedding and had been partying throughout the weekend, both drinking and using illegal substances, based on his own admission. On the date and location alleged, after the wedding, everyone was milling about the hotel and mingling.
>
> The defendant pulled the 14-year old victim into the hotel laundry room, he pinned her against the wall, he both fingered her and proceeded to have sex with her. As she asked for him to stop, he said he wasn't going to stop when he was in the middle of it; and the defendant's DNA was ultimately found in the vaginal swabs that were taken of[f] the victim that night.

(Id. at 14.) The trial court found that the plea was knowing, intelligent, and voluntary. (Id.) On August 24, 2009, the court sentenced Petitioner to a mitigated term of 16 years. (Exh. C at 40.)

Petitioner filed a PCR notice, pursuant to Ariz. R. Crim. P. 32, on November 25, 2009. (Exh. D.) The notice did not allege any specific grounds for relief. (Id.) The trial court extended the deadline to file a PCR petition until April 19, 2010. (Exh. E.) On April 15, Petitioner's appointed counsel filed a Rule 32 notice of completion, stating she found no grounds for post-conviction relief. (Exh. F.) She also requested additional time for Petitioner to file a *pro se* PCR petition, and the superior court extended the deadline to do so until June 3. (Id.; Exh. G.)

Petitioner filed a *pro se* PCR notice on June 10, 2010, alleging ineffective assistance of counsel and that Petitioner was illegally sentenced under Arizona's statutory scheme and in violation of federal due process. (Exh. H.) Because this was past the filing deadline, the court summarily dismissed it as untimely. (Exh. I.) Petitioner then requested leave to file a delayed PCR petition, and the court extended the deadline to do so until September 2, 2010. (Exh. J.) Petitioner requested another extension on August 27, 2010, which the court denied. (Exhs. K, L.) Petitioner failed to file a PCR petition, and the superior court dismissed the PCR proceedings.

On June 10, 2014, Petitioner filed a new PCR notice, alleging there was cause for a "discretionary sentence reduction." (Exh. N.) The court summarily dismissed the notice as

- 2 -

1 untimely and successive in violation of Ariz. R. Crim. P. 32. (Exh. O.) On July 7, 2014, Petitioner filed a PCR petition, alleging newly discovered "circumstances" that caused him to not have understood the guilty plea. (Exh. P.) On July 17, 2014, the court dismissed the petition as untimely and successive. (Exh. Q.)

Petitioner then filed a "motion to allow a delayed notice of appeal" on August 26, 2014. (Exh. R.) The superior court construed this as a request for Petitioner to file a notice of appeal from his conviction. (Exh. S.) As such, the court rejected the motion because Petitioner waived his right to appeal when pleading guilty. (Id.) Petitioner filed a notice of appeal on May 14, 2015. (Exh. T.) The court of appeals construed this as a petition for review from the denial of the July 7, 2014 PCR petition and summarily dismissed the petition as untimely on May 26, 2015. (Exh. U.)

In his habeas petition, Petitioner raises three grounds for relief. He alleges that his attorney provided ineffective assistance (Ground One), that his due process and equal protection rights were violated (Ground Two), and that the prosecution committed misconduct and the trial court abused its discretion (Ground Three).

## DISCUSSION

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

- 3 -

      Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See id. Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations

1 period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d
2 820, 823 (9th Cir. 2003).

3 The statute of limitations under the AEDPA is subject to equitable tolling in
4 appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for
5 equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights
6 diligently and (2) that some extraordinary circumstances stood in his way'" and prevented
7 him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

8 The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. On
9 August 24, 2009, the trial court sentenced Petitioner under the plea agreement. By pleading
10 guilty, Petitioner waived his right to a direct appeal, and had 90 days to file an "of-right"
11 petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure.
12 Petitioner filed a timely notice of post-conviction relief on November 25, 2009, thereby
13 tolling the limitations period on that date. See Isley, 383 F.3d at 1055-56 (in Arizona, filing
14 a notice of post-conviction proceedings begins tolling under AEDPA). The trial court
15 extended the deadline to file a PCR petition until April 19, 2010, which was again extended
16 to June 3, 2010, pursuant to a request for an extension of time.

17 However, instead of filing a PCR petition, Petitioner filed another PCR notice on June
18 10, 2010. The court subsequently dismissed the notice as untimely, but extended the deadline
19 until September 2, 2010 to file his PCR petition. Petitioner never filed a PCR petition and the
20 court dismissed the PCR proceedings. Thus, Petitioner's case became final on September 2,
21 2010 – the day the time expired for filing a PCR petition. Petitioner was required to file the
22 instant habeas petition on or before September 2, 2011. Petitioner did not file his habeas
23 petition until June 23, 2015. Accordingly, absent any tolling, his habeas petition is over
24 three-and-a-half years too late.

25 Petitioner is not entitled to statutory tolling. Petitioner's subsequent untimely PCR
26 proceedings and other filings were filed after the limitations period had expired, and, thus,
27 did not toll the limitations period. See Ferguson, 321 F.3d at 823 ("[S]ection 2244(d) does
28 not permit the re-initiation of the [federal 1-year] limitations period that has ended before the

1  state petition was filed."); see also Pace, 544 U.S. at 413-17 ("Because the state court
2  rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not
3  entitled to statutory tolling under § 2244(d)(2).")

4      In sum, Petitioner filed the instant habeas petition just over three-and-a-half years after
5  the 1-year limitations period expired. The Petition is therefore untimely.

6      The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably
7  tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United
8  States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
9  grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).
10 Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control
11 make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063,
12 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under
13 AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When
14 external forces, rather than a petitioner's lack of diligence, account for the failure to file a
15 timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
16 Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must
17 establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
18 extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also
19 establish a "causal connection" between the extraordinary circumstance and his failure to file
20 a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.
21 2007).

22     Petitioner asserts no valid reason for the untimeliness of his habeas petition, and
23 therefore demonstrates no entitlement to equitable tolling. And, Petitioner's *pro se* status,
24 indigence, limited legal resources, ignorance of the law, or lack of representation during the
25 applicable filing period do not constitute extraordinary circumstances justifying equitable
26 tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se*
27 petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance
28

warranting equitable tolling."). Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is untimely.

## CONCLUSION

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order

or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 29th day of February, 2016.

Michelle H. Burns
United States Magistrate Judge